**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**UNITED STATES OF AMERICA**

v.                                                                       CASE NO.    3:07cr56/RV

**BRIAN RICHARDSON**
_____/

### ORDER

Now under consideration is the defendant's "Motion for the Courts [*sic*] Records" (doc. 38).

The defendant was charged with, and later pled guilty to, possession of child pornography after having been previously convicted under the laws of Florida for an offense relating to lewd and lascivious behavior on or in the presence of a child. He was sentenced to 120 months to run concurrent with a state sentence he was then serving in Okaloosa County, Florida. Nineteen months after being sentenced on the federal charge, the defendant filed a "Motion for Belated Appeal," which was filed by the clerk as a notice of appeal. He argued that the pornography was discovered when his domicile was searched by the Florida Department of Corrections Probation Office pursuant to Florida Statute, Section 948.03(5)(a)(7), which was, according to the defendant, "later quashed, retroactively by the Florida Supreme Court" in *Kasischke v. State,* 991 So.2d 803 (Fla. 2008).[1] The defendant's appeal is pending in the Eleventh Circuit.

At the time he filed his appeal, the defendant also filed a "Motion for Request of Court Records," in which he requested that he be provided with copies of the

---

[1] The statute has been renumbered as Florida Statute, Section 948.30(1)(g), which provides that: "Unless otherwise indicated in the treatment plan provided by the sexual offender treatment program, a prohibition on viewing, accessing, owning, or possessing any obscene, pornographic, or sexually stimulating visual or auditory material, including telephone, electronic media, computer programs, or computer services that are relevant to the offender's deviant behavior pattern."

sentencing transcript. In denying that order, I explained that:

> Fees for transcripts furnished to persons permitted to appeal in forma pauperis shall be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question). *See* 28 U.S.C. § 753(f). Defendant has failed to state any reason a transcript is needed to decide a substantive issue. *United States v. MacCollum,* 426 U.S. 317, 325-326, 96 S. Ct. 2086, 2091, 48 L. Ed. 2d 666 (1976). The court finds no reason to certify that defendant's appeal is not frivolous.

The defendant thereafter filed a follow-up motion requesting that "any and all transcripts" be sent to the Court of Appeals. I denied that motion as well and referred him to my previous order. The defendant has now filed a third motion requesting the sentencing transcript. He states that his appeal is not frivolous, but rather it implicates his Fourth Amendment rights because "the evidence used in the district court case against [him was] fruit of the poisonous tree."

Contrary to defendant's contention, *Kasischke, supra,* did not "quash" or otherwise invalidate section 948.03(5)(a)(7) --- now section 948.30(1)(g). The Supreme Court of Florida in that case was merely called upon to resolve a district split and decide "whether the statute prohibits sexual offenders serving probation or community control from possessing any pornographic material at all or only such material relevant to the offender's deviant behavior." *See* 991 So.2d at 805. After determining that the statute was "susceptible to multiple and irreconcilable interpretations," the court applied the rule of lenity and summed up as follows:

> An offender does not violate [the statute] unless the "obscene, pornographic, or sexually stimulating" material at issue is relevant to the "deviant behavior pattern." We therefore approve the Second District's decision in [*Taylor v. State,* 821 So.2d 404 (Fla. 2d DCA 2002)] and quash the Third District's decision in [*Kasischke v. State,* 946 So.2d 1155 (Fla. 3d DCA 2006)]. We remand this case to the district court with instructions that it be returned to the trial court for further proceedings consistent with this opinion.

Inasmuch as the plaintiff here was charged with possession of *child* pornography, and

the crime for which he was on probation at the time his home was searched involved lewd and lascivious behavior *on or in the presence of a child*, it does not appear that *Kasischke* will have any real bearing on this case as both crimes appear to have involved the same general "deviant behavior pattern."

However, assuming *arguendo* that defendant's argument is not frivolous and that *Kasischke* somehow renders the evidence against him inadmissible as "fruit of the poisonous tree," he is still not entitled to a free transcript. The defendant would be entitled to relief, if at all, under section 2255. Title 28, United States Code, Section 753(f), provides that a litigant proceeding in forma pauperis under section 2255 may only get free transcripts if the court "certifies that the suit or appeal is not frivolous *and that the transcript is needed to decide the issue presented by the suit or appeal.*" (Emphasis added). The defendant's argument is a legal one which involves the interpretation and application of a Florida Supreme Court case. The defendant has not demonstrated that the transcript of his *sentencing* hearing is relevant, let alone "needed to decide the issue presented by the suit or appeal." *See, e.g., United States v. Naranjo,* 2007 WL 1087560 (E.D.N.Y. 2007) (denying request for transcript because "the Court does not believe that a transcript of his sentencing hearing is 'needed to decide the issue presented by the suit or appeal,' as § 753(f) requires").

For these reasons, the defendant's "Motion for the Courts [*sic*] Records" (doc. 38) must be, and is, DENIED.

DONE AND ORDERED this 28th day of April, 2009.

/s/ *Roger Vinson*
**ROGER VINSON**
**Senior United States District Judge**

*CASE NO. 3:07cr56/RV*