IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

vs.   3:07cr56/RV
    3:10cv52/RV/MD

BRIAN RICHARDSON,
          Defendant.

---

# **REPORT AND RECOMMENDATION**

Defendant filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 and memorandum in support (doc. 57 & 60). The government has moved to dismiss the motion as untimely (doc. 62) and defendant has responded in opposition. (Doc. 63).

BACKGROUND and ANALYSIS

Defendant pleaded guilty pursuant to a plea and cooperation agreement to one count of possession of child pornography. (Doc. 18-20). He was sentenced to a mandatory minimum term of 120 months imprisonment on August 14, 2007, and the judgment and commitment order was entered on August 17, 2007. (Doc. 23 & 24). To have been timely filed, his notice of appeal had to be filed by August 31, 2007. (Doc. 53 at 3). However, nothing was received until March 20, 2009, when defendant filed a pro se motion for belated appeal. (Doc. 27). The appeal was processed, and defendant was not allowed to discharge his court appointed attorney and either have another attorney appointed for him or to proceed pro se. (doc. 45, 47, 48). The government objected to the timeliness of the appeal, and the Eleventh Circuit dismissed defendant's appeal as

untimely on December 15, 2009. (Doc. 53). The instant motion to vacate was filed pursuant to the prison mailbox rule on February 11, 2010.

Title 28 U.S.C. § 2255(f) imposes a one year time limitation on the filing of motions under this section. The one year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255(f). If a defendant does not file an appeal, his conviction becomes final when the ten day time period for filing an appeal expires. See Fed.R.App.P. 4(b)(1)(A)(I); Fed. R. App. P. 26(a); *Mederos v. United States*, 218 F.3d 1252, 1253 (2000). In this case, defendant's conviction and sentence became final when this period expired, on August 31, 2007. (Doc. 53 at 3). Therefore, to be timely, his § 2255 motion had to be filed not later than August 31, 2008. Defendant's motion was filed almost two years and six months after his conviction became final. The government asserts that defendant has not made a claim that the one year limitations period should begin to run at a later date for any of the reasons set out in § 2255(f) (2), (3) or (4) or for any other legal or equitable reason. Therefore, it reasons, the motion should be dismissed as untimely.

In response to question 18 on the § 2255 form regarding the timeliness of the motion, defendant asserts without citation that "Supreme Court precedent allows this petition to be filed as timely." (Doc. 57 at 13). In his reply he cites language from *Clay v. United States*, 537 U.S. 522, 155 L.Ed. 2d 88 (2003) regarding the time for filing a certiorari petition. Because defendant did not file a timely appeal, his conviction became final when the time for filing such appeal expired. A petition for writ of certiorari has no relevance to

his case. He also cites and *McCleskey v. Zant*, 499 U.S. 467, 497, 113 L.Ed. 2d 517 (1991) regarding cause and prejudice providing a basis for excusing a procedural bar. He has provided no facts or argument establishing the applicability of this case to his situation, and the court can discern none from the record.

To the extent defendant might argue that his filing of a motion to file a belated appeal re-started the clock for the purpose of filing a § 2255 motion, his argument fails. Defendant should not be permitted to use an untimely appeal to revive a limitations period that had expired long before he attempted to appeal. See *Moore v. Crosby,* 321 F.3d 1377, 1380-1381 (11th Cir. 2003); *Williams v. Crist*, 230 Fed.Appx. 861 (11th Cir. 2006). A contrary interpretation would defeat the purpose of the limitation period.

Accordingly, it is respectfully RECOMMENDED:

The government's motion to dismiss defendant Brian Richardson's motion to vacate, set aside, or correct sentence pursuant to Title 28 U.S.C. § 2255 (doc. 62) be GRANTED and the motion to vacate (doc. 57) be dismissed as untimely.

At Pensacola, Florida this 19th day of April, 2010.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 3:07cr56/RV; 3:10cv52/RV/MD*