UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

v.  Case Nos.: 3:07cr56/RV/CJK
 3:13cv651/RV/CJK

**BRIAN RICHARDSON**

_____/

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and supporting memorandum of law (docs. 107, 108). Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, it is the opinion of the undersigned that the court is without jurisdiction to entertain Defendant's motion and that it should be summarily dismissed.

## BACKGROUND and ANALYSIS

Defendant was sentenced to a term of 120 months imprisonment after he pleaded guilty to possession of child pornography after a qualifying conviction in violation of 18 U.S.C. § 2252A(a)(5) and (b)(2) (docs. 20, 24). His appeal was dismissed as untimely in December of 2009 (doc. 53). Defendant then challenged

his conviction by means of a motion to vacate pursuant to 28 U.S.C. § 2255 (docs. 57, 60). This motion was dismissed as untimely over Defendant's objection (*see* docs. 64– 66). Defendant's request for a certificate of appealability was denied by both the district court and the Eleventh Circuit Court of Appeals (docs. 76, 80). Defendant has now filed another motion to vacate in which he contends that the district court used illegally obtained evidence to convict a Defendant who was "actually innocent"; that defense counsel was constitutionally ineffective because he failed to file an appeal; and that his plea was neither knowing nor voluntary due to his unmedicated psychiatric condition.[1]

This court does not have jurisdiction to entertain Defendant's motion. Before a second or successive application for § 2255 relief is filed in the district court, the litigant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3) and § 2255(h); *Felker v. Turpin,* 518 U.S. 651 (1996); *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005); *Carter v. United States,* 405 Fed. App'x 409 (11th Cir. 2010). Defendant asserts that his claim of "actual innocence" excuses him from the procedural requirements of § 2255, citing *McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013). Defendant does not deny, however, that he possessed child pornography, but rather claims that the search leading to the discovery of same was unauthorized. Therefore Defendant's claim is more akin to a claim of "legal" rather than "factual" innocence, and as such would not support a finding of "actual innocence." *See McKay v. United States*, 657 F.3d 1190, 1197–98 (11th Cir. 2011). Because

---

[1] In his first § 2255 motion, Defendant also raised three claims: (1) counsel's handling of Defendant's case was constitutionally ineffective (there was no mention of a "failure to appeal"); (2) Defendant's plea was not voluntary or intelligent in part due to his mental disorder; and (3) that his sentence was improperly enhanced (doc. 57).

Defendant has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive and seemingly time-barred motion, the instant motion to vacate must be dismissed without prejudice.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Court ("§ 2255 Rules") provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. Defendant's motion to vacate pursuant to 28 U.S.C. § 2255 (doc. 107), be **SUMMARILY DISMISSED**, as this court lacks jurisdiction to consider a successive motion absent authorization from the Eleventh Circuit.

2.      A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 7th day of January, 2014.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE**


# NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**